1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    MARIA LASTRA,                              CASE NO. 10cv2573-LAB (BLM)

12                            Plaintiff,         **ORDER RE:  REQUEST TO
                                                 AMEND NOTICE OF REMOVAL;**
13              vs.                              **AND**

14                                               **ORDER DENYING MOTION TO
      PHH MORTGAGE CORP F/K/A                    REMAND**
15    CENDANT MORTGAGE, et al.,

16                            Defendants.

17

18          Defendant Clayton Goff removed this action from state court on December 15, 2010,

19    citing diversity jurisdiction.   On December 27, PHH filed a motion for judgment on the

20    pleadings, scheduled for hearing on February 22, 2011.  On January 10, Lastra filed her

21    amended motion to remand, with the same hearing date.

22    **I.      Amendment of Notice of Removal**

23          The notice of removal points out the complaint sought over $75,000 in damages, and

24    alleged Lastra is a resident of California, Goff is a citizen of Texas,[1] and PHH is a New

25    Jersey corporation.

26    / / /

27    _____

28          [1]   Defendants alleged Goff's residency and citizenship in the notice of removal
      (Notice of Removal, 2:4), and reiterated it in their opposition to the notice for remand.

1    In their opposition to the motion for remand, Defendants admitted they had failed to

2    allege PHH's principal place of business.  They now request leave to amend the notice of

3    removal to say that PHH is a citizen of New Jersey only, because it has both its principal

4    place of business there and is incorporated there.  Lastra didn't oppose this request, but in

5    fact admitted it in her motion for remand.  (Mot. to Remand, ¶ 5).  The request is **GRANTED**.

6    The notice of removal is **DEEMED AMENDED** to clarify that PHH is a citizen of New Jersey.

7    It is also apparent Defendants intended to allege Lastra is a citizen of California

8    (rather than merely a resident), though they have not formally done so.[2]   Lastra's own

9    pleadings also strongly suggest Lastra is a citizen of California, since she resides here and

10   intends to continue residing here indefinitely.  (Mot. to Remand, ¶¶ 4, 34.)

11   Defendants may, no later than the close of business on **March 3, 2011**, file an *ex

12   parte* motion to deem the notice of removal amended to allege Lastra is a citizen of

13   California.

14   **II.    Motion to Remand**

15   Lastra's motion to remand is focused on the absence of a federal question in the

16   complaint, the injustice she says she has suffered, and the indignity Lastra alleges the state

17   court suffered by Defendants' violation of its injunction.  It also points to evidence Lastra

18   believes suggests Goff is really a California citizen.[3]   And it cites rules, statutes, and

19   precedents pertaining to jurisdiction.  But none of this shows removal was improper.

20   Lastra hasn't shown removal was untimely or that the Court lacks jurisdiction.  The

21   fact that the Court can't exercise federal question jurisdiction doesn't mean it can't exercise

22   jurisdiction under some other valid provision of law.  Assuming (as appears to be the case)

23   Lastra is a California citizen, the Court can exercise diversity jurisdiction pursuant to 28

24   U.S.C. 1332.  Because Defendants are non-citizens of the forum state, Goff could remove

25

26   [2] Technically, it is necessary to allege citizenship, not merely residency.  *Snell v.
     Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir. 2002).  It is apparent, however, Defendants

27   intend to allege Lastra is not only a resident but also a citizen of California (*see id*. at 23
     (Civil Cover Sheet, identifying Plaintiiff as a citizen of California).

28   [3] Lastra points out Goff is licensed to practice law in California, not Texas.  But that
     doesn't show Goff isn't a Texas citizen, or that he is a California citizen.

this action with PHH's consent pursuant to 28 U.S.C.§§ 1441 and 1446, which is what he did.

The motion for remand is therefore **DENIED WITHOUT PREJUDICE**.   Should Defendants fail to show Lastra is a California citizen within the time permitted, however, the Court will reconsider its decision and this action will be remanded.

**III.     Motion for Judgment on the Pleadings**

The Court will reserve judgment on Defendants' unopposed motion for judgment on the pleadings until it is clear the Court has jurisdiction to reach the merits.

**IT IS SO ORDERED**.

DATED:  February 28, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge

10cv2573